IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD LEE WELCHER,           ) | |
| ) | Case No. CV-06-518-S-BLW |
| Plaintiff,           ) | |
| vs.                                                        ) | **INITIAL REVIEW ORDER** |
| ) | |
| STATE OF IDAHO, IDAHO BOARD OF   ) | |
| CORRECTION, IDAHO DEPARTMENT ) | |
| OF CORRECTION, CORRECTIONAL     ) | |
| MEDICAL SERVICES, PRISON HEALTH ) | |
| SERVICES, and WARDEN BLADES,     ) | |
| ) | |
| Defendants.           ) | |
| _____) | |

Pending before the Court is the review of Plaintiff's Prisoner Civil Rights Complaint (Complaint) to determine whether Plaintiff is entitled to proceed *in forma pauperis* and whether the allegations of the Complaint are subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2).  Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (Docket No. 1).

Having reviewed the record and otherwise being fully informed, the Court has determined that Plaintiff's Complaint fails to adequately allege claims under the Eighth Amendment and the Americans with Disabilities Act, and he will be given leave to file an amended complaint.  Plaintiff's motion requesting *in forma pauperis* filing status will be denied without prejudice to re-filing it with the

**ORDER  1**

amended complaint.

## BACKGROUND

Plaintiff is an inmate in the custody of the Idaho Department of Correction (IDOC).  He is presently incarcerated at the Idaho State Correctional Institution (ISCI).  Plaintiff sued the State of Idaho, former Governor Risch, the Idaho Board of Corrections, Director Townsend, the Idaho Department of Correction (IDOC), former IDOC Director Killeen, Correctional Medical Services (CMS), Prison Health Services (PHS), Warden Blades, and unnamed doctors, a nurse, and a physicians assistant.  *Complaint*, p. 1, 13.

Plaintiff generally alleges that Defendants violated his rights under the Eighth Amendment and the Americans with Disabilities Act (ADA).  He is seeking declaratory and injunctive relief and compensatory damages for the alleged violation of his rights.  *Id.*, p. 11.

Plaintiff alleges that he was injured in a serious accident when he was young and received severe head injuries.  *Id.*, p. 16.  He states that prior to his incarceration he was diagnosed with Hepatitis C, ankle problems, seizures, memory loss, and literacy challenges.  Plaintiff claims that he has not been given a treatment plan for his seizure disorder, that there is a delay in receiving medication, and that he has been given the wrong prescriptions.  *Id.*, p. 15.

**ORDER  2**

He also generally alleges that Defendants have violated "all mandates of the Americans with Disabilities Act," including the removal of architectural barriers for physically handicapped individuals.  *Id.*

Plaintiff also alleges that he received a false disciplinary offense report when he complained about the lack of medical treatment and medication.  Finally, he asserts that the administrative grievance procedure at the prison does not work.  He also lists six reasons why he should not have to exhaust the grievance procedure.  *Id.*, p. 6-8, 15.

## REVIEW OF COMPLAINT

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915.  The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

### ADA and Rehabilitation Act Claims

Title II of the ADA applies to a "qualified individual with a disability who with or without reasonable modifications to rules, policies, or practices, . . . meets

**ORDER  3**

the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). The Supreme Court has held that the plain language of Title II of the ADA extends to prison inmates who are deprived of the benefits of participation in prison programs, services, or activities because of a physical disability. *See Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 211, 118 S. Ct. 1952, 1955 (1998).

Plaintiff's Complaint fails to include any specific allegations linking the State of Idaho, the Idaho Board of Corrections, CMS, and PHS to the alleged disability discrimination. *See Baird v. Rose,* 192 F.3d 462, 471 (4th Cir. 1999) (Title II of the ADA does not recognize a cause of action for discrimination by private individuals, only public entities). Plaintiff must at a minimum provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8 (a)(2). It is not necessary for Plaintiff to include any legal argument or case citations, but he must link the entities with the alleged disability discrimination. For example, if Plaintiff believes that the IDOC or the private medical providers have a policy of failing to provide medical treatment for certain medical conditions, then he must specifically allege that Defendants discriminated against him based on his disability by failing to provide medical treatment or by failing to accommodate the need for something like a wheelchair or shower bar. In

**ORDER 4**

other words, Plaintiff must outline the facts showing how Defendants have allegedly violated the ADA.  It is not enough to name defendants in the caption of a lawsuit, but never refer to the alleged violations they have committed.  Plaintiff is advised to use the Prisoner Civil Rights Self-Help Packet available in the ISCI resource center, and the amended complaint should contain only the factual allegations relating to the ADA claim.

Based on the foregoing, Plaintiff will not be allowed to proceed against any governmental entity or private medical provider on the ADA claim at this time.  He will be given leave to amend the complaint in accordance with the guidelines set forth above.

**Eighth Amendment Claim**

For an inmate to state a claim under § 1983 for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)).  Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference.  *Farmer v. Brennan,* 511 U.S. 825, 838 (1994). Differences in

**ORDER  5**

judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim.  *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Mere indifference, medical malpractice, or negligence also will not support a cause of action under the Eighth Amendment.  *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980).  A mere delay in treatment does not constitute a violation of the Eighth Amendment, unless the delay causes serious harm.  *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).  The Ninth Circuit recently clarified that if medical personnel have been "consistently responsive to [the inmate's] medical needs, and there has been no showing that the medical personnel had "subjective knowledge and conscious disregard of a substantial risk of serious injury," summary judgment is proper.  *Toguchi v. Chung*, 391 F.3d 1051, 1061 (9th Cir. 2004).

Plaintiff's Complaint fails to adequately state a claim under the Eighth Amendment in the Complaint because it lacks the essential facts alleging that medical care was inadequate.  For example, if Plaintiff believes that Defendants have failed to follow the diagnosis and treatment protocol for Hepatitis C, then he must set forth these allegations, including the state actors who participated in the denial of treatment.  Plaintiff will be given leave to file an amended complaint that

**ORDER  6**

contains only the facts relating to his medical claim and no legal citations.  Plaintiff is advised to use the form provided in the self-help packet described above.

Plaintiff is also advised that as to each claim in the amended complaint, he must link the state actors to the alleged statutory and constitutional violations.  In *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), the court outlined the requirements for a finding of proximate causation:

> Liability under section 1983 arises only upon a showing of personal participation by the defendant.  *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979).   A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983.

Plaintiff will only be authorized to proceed against Defendants who are linked to the constitutional violations, and their names must be provided in the amended complaint in order to have them included in the lawsuit.  Plaintiff will not be authorized to proceed against individuals described as doctor, nurse, or doe defendants.

## PENDING MOTION

Plaintiff filed a motion to proceed *in forma pauperis*, supported by an affidavit of assets and a prison trust account statement.  The Court will deny Plaintiff's request for *in forma pauperis* filing status without prejudice to re-filing it

**ORDER  7**

with the amended complaint.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Complaint is dismissed for failure to state cognizable civil rights claims pursuant to 28 U.S.C. § 1915 (e)(2)(B).  Plaintiff shall be given leave to file an amended complaint within thirty (30) days of this Order's date in accordance with the guidelines set forth above.  Failure to comply with the guidelines shall result in the dismissal of the lawsuit.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Proceed *in Forma Pauperis* (Docket No. 1) is DENIED without prejudice to re-filing it.



DATED:  **June 5, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER  8**